law, and the practice of this state points out what it is. It has been followed in this case, and we are required by the practice act of 1872 [17 Stat. 196] to sustain it. Bank v. Labitut [Case No. 842].

## Case No. 4,713a.

### In re FEDERHEN.

## Case No. 4,714.

### In re FEELY.

[3 N. B. R. 66 (Quarto, 15);[1] 15 Pittsb. Leg. J. (O. S.) 291.]

District Court, W. D. Pennsylvania. March 21, 1868.

---

[1] [Reprinted from 3 N. B. R. 66 (Quarto, 15), by permission.]

## Case No. 4,715.

### In re FEENY.

[1 Hask. 304;[1] 4 N. B. R. 233 (Quarto, 69).]

District Court, D. Maine. Oct., 1870.

William L. Putnam, for petitioner.
Bion Bradbury, for respondent.

FOX, District Judge. This is a petition by James Hurley, the assignee in bankruptcy, "that one Peter Smith may be adjudged guilty of a contempt, in violating the order of this court, passed on the 25th day of Dec. last, enjoining him from foreclosing a mortgage on the stock in trade of said bankrupt, or from commencing or prosecuting any suit for or on account of any claim by virtue of said mortgage, or from taking possession of said stock until the further order of the court." Notice of this petition has been given to said Smith, and he has filed a written answer thereto, admitting that he has commenced an action of replevin for the stock, but averring that the order of injunction had not been served upon him at the time he instituted the suit, and that he was not thereby in contempt.

On the hearing, it was shown that a petition was filed by said Hurley on the seventh of December last against said Feeny, praying that he might be adjudged a bankrupt, "for that he had given a preference to said Smith in fraud of the act [of 1867 (14 Stat. 517)], by mortgaging to him, Oct. 27, 1869, his stock in trade to secure sundry of his notes then overdue and held by said Smith." A trial was had before the jury on this petition, and on the morning of Dec. 25th, a verdict was rendered in favor of the petitioner, and Feeny was thereupon adjudged a bankrupt. Smith was a witness at the trial, was well aware of the cause for which Feeny was decreed bankrupt, and had previously consulted counsel in relation to it, Mr. Freeman of Cherryfield, where both parties re-

McCANDLESS, District Judge. The decision of the register is affirmed. In re Stevens [Case No. 13,392]; In re Welch [Id. 17,366]; In re Hay [Id. 6,253].

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]